ORDER

PROST, Circuit Judge.
The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Margaret I. Mellinger’s appeal for lack of jurisdiction or, in the alternative, for summary affirmance of the United States Court of Appeals for Veterans Claims’ order. Mellinger opposes.
In 1958, Mellinger’s husband (the veteran) received a noncompensable disability rating for heart disease claims. In 1995, the veteran sought to reopen his heart condition claims. The regional office (RO) denied his claims. The veteran died while his appeal of the RO’s decision was pending before the Board of Veterans’ Appeals. Mellinger subsequently sought dependence and indemnity compensation, along with accrued benefits. The RO eventually awarded a 100 percent rating for service-connected heart disease, effective February 1995 for accrued benefits purposes. The RO concluded that the 1995 RO decision denying the veteran’s claims was clearly and unmistakably erroneous. Mel-linger appealed to the Board, arguing that she was entitled to accrued benefits from 1958. Applying 38 C.F.R. § 3.1000, the Board adjusted the effective date to December 1993, two years before the date of the veteran’s death. Mellinger appealed the Board’s effective date ruling to the United States Court of Appeals for Veterans Claims. The Court of Appeals for Veterans Claims affirmed, explaining:
[W]hile 38 U.S.C. § 5121, which governs the payment of accrued benefits, enables the appellant to seek benefits that were not paid to the veteran while he was living, but to which the evidence of record indicates he was otherwise entitled to receive at the time of his death, 38 C.F.R. § 3.1000 limits the amount of recovery of those benefits to a maximum retroactive period of two years. There are no statutes or regulations which authorize the Secretary to pay accrued benefits for a period greater than two years from the death of the veteran. Therefore, the Court must affirm the Board’s decision.
In her informal brief and response, Mel-linger does not raise any argument concerning the validity or interpretation of any statute or regulation referred to in the decision of the Court of Appeals for Veterans Claims, nor does she raise any constitutional issues. At most, Mellinger challenges only the application of law to the facts. As such, her appeal does not fall within this court’s jurisdiction. See 38 U.S.C. § 7292(d)(2) (this court “may not review: (A) a challenge to a factual determination, or (B) .a challenge to a law or regulation as applied to the facts of a particular case”).
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) The Secretary’s alternative motion for summary affirmance is moot.
(4) Each side shall bear its own costs.